# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| SARA A. MULLEN, | ) | CASE NO. 05-70763 |
| | ) | |
| DEBTOR | ) | |

## MEMORANDUM DECISION

The matter before the Court is confirmation of the Debtor's Chapter 13 Plan (the "Plan"), which she filed contemporaneously with her petition on March 4, 2005. The Chapter 13 Trustee (the "Trustee") objected to confirmation of the Plan based primarily on the fact that according to her calculations, the Debtor's Plan did not meet the requirements of 11 U.S.C. § 1325(a)(4).[1] A confirmation hearing was held on June 6, 2005 and continued to July 7, 2005, at which time the Debtor and a local realtor testified.

The Trustee's argument centered around the fact that the Debtor possibly has some equity interest in the house in which she lives and co-owns with her sister. Much testimony was given as to the potential value of the house and the nature and history of the Debtor's interest in the property. Other than ruling that the Debtor's valuation of $80,000 was not established by the preponderance of the evidence, the Court declined to rule on such issue, as Debtor's counsel conceded in closing argument that the Debtor's plan would most likely need to

---

[1] 11 U.S.C. § 1325(a)(4) requires that a court shall confirm a plan if:

> the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less that the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

-1-

be amended. The only issue before the Court at this time is the argument posed by Debtor's counsel that the Debtor would have to absorb the full cost of sale rather than pro rating the costs of sale among co-owners, thereby reducing the Debtor's equity, if any. Debtor's counsel conceded that if the Court determined that costs of sale would be apportioned on a pro rata basis, confirmation of the Plan currently before the Court would have to be denied and the Debtor allowed to file a modified plan.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. Confirmation of a Chapter 13 plan is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(L).

For a court to confirm a Chapter 13 plan, it must meet the requirements of 11 U.S.C. § 1325. The Trustee has argued that the Debtor's Plan does not meet subsection (a)(4) of such provision, commonly known as the "liquidation test". Under the "liquidation test", a creditor must not receive less that it would had the Debtor's case been administered under Chapter 7 of the Bankruptcy Code; therefore in performing a "liquidation test" analysis, the Trustee looks to determine how much non-exempt property the estate contains which could be liquidated in a Chapter 7 proceeding. In the Debtor's case, she may or may not have some equity in her home. A Chapter 7 trustee would be entitled to sell her home to recover any equity pursuant to 11 U.S.C. § 363(h), which entitles a trustee to sell both the Debtor's interest and that of any co-owner subject to four conditions. Debtor's counsel argues that if this were to happen in the Debtor's case, she should have to bear the full cost of the sale, not imposing a pro rata share

on her sister. The Code is quite clear, however, in § 363(j), that the trustee would distribute any proceeds according to the interests of any co-owners *after* deducting costs and expenses. **Collier on Bankruptcy** confirms that there is no dispute in the courts in the interpretation of this provision and the costs of sale are to be pro rated rather than charged first against any individual co-owner's interest.[2] 3 **Collier on Bankruptcy** ¶ 363.08[8][c], at p. 363-74 (15th ed. rev. 2004).

For the reasons stated the Court by separate order will deny confirmation of the current Plan, but allow the Debtor fifteen days from the date of such order to file a modified plan.

This 15th day of July, 2005.

*(signed) William F. Stone, Jr.*

_____
UNITED STATES BANKRUPTCY JUDGE

---

[2] It should be noted, as **Collier** points out, that an "entity may not be charged with a pro rata share of any of the other expenses of administration, particularly the trustee's compensation." 3 **Collier on Bankruptcy** ¶ 363.08[8][c], at p. 363-74 (15th ed. rev. 2004).